JOSEPHINE BUCHMAN AND JOSEPH M. BUCHMAN, PLAIN-
TIFFS-RESPONDENTS, v. CHARLES A. REYNOLDS, DE-
FENDANT-PROSECUTOR.

Submitted November 6, 1924—Decided February 2, 1925.

Negligence—Motor Vehicle Collision—Injury to Invited Pas-
senger in Car of Employer, There by Order of Owner, and
Driven by Owner's Servant—Allegations of Negligence of
Driver, Also of a Conspiracy to Mulct Defendant—No Justi-
fication for Assuming That Jury Found Against Weight of
Evidence—Award Reduced.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiffs, Joseph H. Carr.

For the defendant, Marshall H. Diverty.

PER CURIAM.

The plaintiff was an invited passenger in a closed auto-
mobile owned by the defendant and driven by the defendant's
servant, Oliver Foote. Plaintiff was employed as a sort of a
day nurse for the two grandchildren of defendant's wife, and
was directed by her to take the two children in the car to
Camden, and to meet their mother at the station. While
going west in Camden, on Cooper street, and while crossing
Seventh street, the right hind wheel of the closed car engaged
the left front wheel of a Chevrolet car, driven by a Miss
Winner, who had only recently been licensed to drive, and
was out with her sister and two or more woman friends. The
collision carried away the front wheel of the Chevrolet and
injured the hind wheel of the car in which the plaintiff was
riding, and plaintiff and the children were considerably
shaken up. Plaintiff was in the hospital, and her expenses

there were paid by the defendant. She was discharged as cured, and afterwards sued defendant for damages on account of the alleged negligence of the driver, and recovered a verdict of $5,000, her husband joining *per quod,* and obtaining a verdict of $100 on his own account. The reasons available on this rule are, the refusal of the court to nonsuit because of alleged contributory negligence of plaintiff; because the verdict is contrary to the weight of evidence, and because the damages are excessive.

As to the matter of contributory negligence, it hardly merits discussion, because the plaintiff was a passenger in a closed car, under orders, and was not in a position to control the driver in any way. The suggestion seems to be that because, as she alleges, the driver drove very fast through Camden, she ought to have protested and endeavored to make him reduce his speed. At the very best, it would be a question for a jury as to her contributory negligence in that regard, and it would have been undoubted error to have directed a nonsuit.

Next, that the verdict was against the weight of evidence. The case was tried and is argued here for the rule on a theory that there was a sort of a conspiracy to mulct the defendant in this matter; that both the plaintiff and a bystander named Kutcher and the various occupants of the Chevrolet car had some sort of an understanding with regard to their testimony. We are unable to reach the conclusion that any such combination existed. It is alleged that the witness Kutcher was, in effect, suborned to commit perjury. Kutcher was engaged as a helper in a laundry business, and worked with a laundry wagon, which had drawn up on the right or northerly curb of Cooper street, facing eastward against the traffic, and which the defendant's driver had to avoid by veering out from the right-hand side of the street. Oliver, the driver, claimed that the laundry wagon crossed the intersection of Seventh and Cooper streets from southwest to northeast, and that he had to make a wide swerve to avoid it, and shifted into second speed at the time. This is in contradiction to the evidence of Mrs. Buchman, the plaintiff, who said he was

going very fast, and to the testimony of the occupants of the Winner car, who all agreed that they saw him coming down the street, but that he was so far away that it seemed quite safe to cross in front of him. The case is certainly not one in which a court is entitled to say that the jury disregarded their duty and found a verdict against the evidence.

Lastly, with respect to the damages: We have examined the evidence with care, and are satisfied that the verdict was excessive, and that the plaintiff, while she sustained considerable injury, over-estimated the extent of it. On this phase of the case, we consider that $3,000 would be an amply sufficient verdict for the plaintiff Mrs. Buchman, and if this plaintiff will consent to remit the excess of $3,000, the rule to show cause will be discharged; otherwise, it will be made absolute. The verdict in favor of the husband was trifling; and, of course, will not be disturbed.